UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

GREGORY JAMES ADAMS,   Case No. 13-bk-06411-CPM

Debtor.
_____/

## MARK HNATIUK'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEBTOR

CREDITOR, Mark Hnatiuk and/or Sally Ann Hnatiuk (hereinafter the "Creditor"), by and through the undersigned attorney, pursuant to Federal Rule of Civil Procedures 34, Federal Rules of Bankruptcy Procedure 7034, and the Order Granting Motion to Compel Debtor to Appear for 2004 Examination, hereby requests Debtor, Gregory James Adams (hereinafter the "Debtor"), to produce and, and to file a written response to this Request for Production of Documents within thirty (30) days from the date of service hereof.

## INSTRUCTIONS:

If any document hereby requested was formerly in the possession, custody, or control of Debtor, and has been transferred, lost or destroyed, Debtor shall submit in lieu of each document a written statement which:

1. Describes in detail the nature of the document and its contents.

2. Identifies the person who prepared or offered the document, and if applicable, the person to whom the document was sent.

3. Specifies the date on which the document was prepared or transmitted, or both.

4. Specifies, if possible, the date on which the document was lost or destroyed, and, if destroyed the conditions or reasons for such destruction and the persons requesting and performing the destruction.

5. If the documents otherwise required to be produced by this request are withheld, Debtor shall identify the document by stating its date, author, recipients and the reason for withholding.

6. This Request to Produce Documents is continuing, and any document contained or located subsequent to production which would have been produced had it been available or its existence known at the time is to be supplied forthwith.

7. All requests herein identify documents which are intended to embrace within their scope both non-privileged documents and documents as to which privilege is claimed.

8. As to any documents with respect to which you claim a privilege, your response shall include a full statement of the factual and legal basis underlying such claim of privilege.

## DEFINITIONS

9. The terms "you," "your," and "yours" refers to Gregory James Adams, the Debtor, his attorneys, agents, representatives, officers, directors, or employees.

10. "Hnatiuks" means Mark Hnatiuk and/or Sally Ann Hnatiuk.

11. "SEC" means the United States Securities and Exchange Commission.

12. "SIAM" means Sovereign International Asset Management, Inc., each of its predecessors, successors, divisions, subsidiaries, and affiliates, located both in the United States and in any other country, each other person directly or indirectly, wholly or in part, owned or controlled by it, and each joint venture to which any of them is a party, and all present and former directors, officers, employees, agents, consultants, or other persons acting for or on behalf of any of them.

13. "SIPS" means Sovereign International Pension Services, LLC, each of its predecessors, successors, divisions, subsidiaries, and affiliates, located both in the United States and in any other country, each other person directly or indirectly, wholly or in part, owned or

controlled by it, and each joint venture to which any of them is a party, and all present and former directors, officers, employees, agents, consultants, or other persons acting for or on behalf of any of them.

14. "PIWM" means Private International Wealth Management.

15. "BC Panama" means BC Capital Group S.A. (Panama), each of its predecessors, successors, divisions, subsidiaries, and affiliates, located both in the United States and in any other country, each other person directly or indirectly, wholly or in part, owned or controlled by it, and each joint venture to which any of them is a party, and all present and former directors, officers, employees, agents, consultants, or other persons acting for or on behalf of any of them.

16. "BC Hong Kong" means BC Capital Group Limited (Hong Kong), each of its predecessors, successors, divisions, subsidiaries, and affiliates, located both in the United States and in any other country, each other person directly or indirectly, wholly or in part, owned or controlled by it, and each joint venture to which any of them is a party, and all present and former directors, officers, employees, agents, consultants, or other persons acting for or on behalf of any of them.

17. "Battoo" means Nikolai S. Battoo.

18. "SWM" means Sovereign Wealth Management

19. The term "identify" when used herein in connection with natural persons means to state their full names, employments, employers, titles and job descriptions, if applicable, and their present business and home addresses.

20. The term "identify" when used herein in connection with corporate entities means to state the corporate name of each and the present business of each.

21. The term "identify" when used herein in connection with documents means to describe the documents, whether or not privileged, setting forth their dates, titles, authors,

addresses, parties and the substance thereof, as particularly and is sufficient for a specific demand for production, together with the names and addresses of the custodians of the original and copies. Documents to be identified include those documents in your possession, custody and control and all other documents of which you and your attorney have knowledge.

22. The term "documents" when used herein means all original writings of any nature whatsoever and all non-identical copies thereof, whether or not in your possession, custody or control, regardless of where located, and includes, but is not limited to, contracts, agreements, records, tape recordings, coded material, correspondence, communications, reports, summaries, minutes, notes, announcements, instructions, charts, delivery tickets, delivery receipts, schedules, telegrams, teletype, office logs, telephone logs, vouchers, and any other documents as defined in Rule 34, **Federal Rules of Civil Procedure**. In all cases in which originals or non-identical copies are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

## DOCUMENTS REQUESTED

Produce all documents as listed on Exhibit "A."

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Request for Production of Documents has been furnished by CM/ECF electronic system and/or U.S. Mail to on this 26 day of July, 2013 to Joryn Jenkins, Esq., 3829 W. Kennedy Blvd., Tampa, FL 33609.

MORSE & GOMEZ, P.A.

BERNARD J. MORSE, ESQ.
Florida Bar No. 462251
11268 Winthrop Main St., Suite 102
Riverview, FL  33578
Telephone: (813) 341-8400

Facsimile: (813) 463-1807
Email: chipmorse@morsegomez.com

EXHIBIT "A"

<u>Request for Production No. 1</u>:   Any and all documents that you have produced pursuant to an SEC subpoena or a voluntary agreement with the SEC relating to SIAM, Battoo, PIWM, BC Panama, or BC Hong Kong.
Response:

<u>Request for Production No. 2</u>:   Copies of any SEC subpoena(s) wherein you were requested to produce one or more documents relating to SIAM, Battoo, PIWM, BC Panama, or BC Hong Kong.
Response:

<u>Request for Production No. 3</u>:   Copies of any transcript(s) of testimony that you have submitted to the SEC relating to SIAM, Battoo, PIWM, BC Panama, or BC Hong Kong.
Response:

<u>Request for Production No. 4</u>: All documents relating to communications you had with SIAM concerning the Hnatiuks, including, but not limited to letters, emails, and voicemails.
Response:

<u>Request for Production No. 5</u>:   All documents relating to communications you had with SIPS concerning the Hnatiuks, including, but not limited to letters, emails, and voicemails.
Response:

Request for Production No. 6: All documents relating to communications you had with the Hnatiuks, including, but not limited to, offering materials, letters, emails, and voicemails.
Response:

Request for Production No. 7: All documents relating to communications you had with Battoo, BC Panama, and/or BC Hong Kong, including, but not limited to letters, emails, and voicemails.
Response:

Request for Production No. 8: All documents relating to any services that you provided to SIAM.
Response:

Request for Production No. 9: All documents relating to any services that you provided to SIPS.
Response:

Request for Production No. 10: All documents relating to any services that you provided to Battoo, BC Panama, or BC Hong Kong.
Response:

Request for Production No.11: All pages and all attachments (including, without limitation, Forms W2, K1, 1099 and any other evidence of income received from third parties) of each individual tax return filed with the United States and all other jurisdictions for years 2007 – 2012.
Response:




Request for Production No. 12: U.S. Internal Revenue Service Forms 5471 (Information Return of U.S. Persons with Respect to Certain Foreign Corporations) as filed for years 2007 – 2012.
Response:




Request for Production No. 13: U.S. Treasury Forms TD F 90-22.1 (Report of Foreign Bank and Financial Accounts) for years as filed for years 2007 – 2013.
Response:




Request for Production No. 14: All pages of all passports used by the Debtor during the period of 2007 through the date of responding to this request.
Response:

Request for Production No. 15: List of all financial accounts over which the Debtor had signatory authority or a direct or indirect beneficial interest at any time during the period of 2009 until the date of responding to this request.
Response:

Request for Production 16: For each account identified in the response to the previous Request for Production, provide account statements covering the period of January 1, 2011 through the date of responding to this request.
Response:

Request for Production No. 17: Monthly, quarterly or annual statements of earnings, fees, commissions or any other form of compensation to the Debtor or any affiliated entity, for the period of 1/1/11 through the date of responding to this request, from each of the following entities:
a. Sheffield Nevis, LLC (Nevis)
b. Sheffield Fund Limited (BVI)
c. Sheffield Ventures, LLC
d. Folio Institutional
e. Ceros Financial
Response:

Request for Production No. 18:   Original (or Amended) Complaints and Final Judgments (or Arbitrator's Decisions) in the following matters (as cited in Statement of Financial Affairs item #4):

a.   *Magyar and RACAMA Ltd. v. Sovereign International Asset Management*; American Arbitration Association 32-512-00565-10

b.   *Gardiner Robinson v. Sovereign and Gregory Adams*; Arbitration, 33 516 00084

c.   *Lillian DePasquale vs. Greg Adams;* American Arbitration Assoc., 13-174-02544-11

d.   *Lillian DePasquale vs. Gregory J. Adams*; Supreme Court of the State of New York, 652817/2012

Response:

Request for Production No. 19:   All correspondence received from and provided to the SEC during the period of 2009 through the date of responding to this request.
Response:

Request for Production No. 20:   All correspondence received from and provided to the United Stated Federal Bureau of Investigation during the period of 2009 through the date of responding to this request.
Response:

Request for Production No. 21: All documents (including correspondence) concerning your purchase of SIAM.
Response:

Request for Production No. 22: All documents (including correspondence) concerning SIAM's relationship with Sovereign International Pension Services ("SIPS").
Response:

Request for Production No. 23: Records and documents concerning any and all communications by or between the Debtor and Battoo and/or Larry Grossman relating to the Hnatiuks' investments.
Response:

Request for Production No. 24:    All documents relating to Larry Grossman's registration with SIAM as an investment adviser representative between 9/5/2006 and 12/31/2011.
Response: